Filed 4/20/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br>v.<br><br>BRIAN K. FOX,<br><br>          Defendant and Appellant. | A165462<br><br>(San Francisco City and County<br>Super. Ct. No. SCN 225583-02) |

This is our third opinion in this case, which continues to be affected by changes in California's criminal sentencing laws.  In August 2015, after his co-defendant stole a camera from two tourists in San Francisco, defendant Brian K. Fox shot at the tourists as he and the co-defendant fled.[1]  Fox was charged with eight felony counts, including two counts of attempted murder, and several firearm enhancements, exposing him to a life sentence.  Under a plea agreement, he pleaded guilty to one count of robbery, admitted to personally using a firearm during the offense, and agreed to a 15-year prison sentence, composed of a term of 10 years for the firearm enhancement and the aggravated term of 5 years for the robbery.[2]  In October 2017, the trial court accepted the plea and sentenced Fox in accordance with it.

---

[1] We granted Fox's unopposed request for judicial notice of the record in his prior appeal.

[2] Fox pleaded guilty to robbery under Penal Code section 211 and admitted the firearm enhancement under Penal Code section 12022.5, subdivision (a).  All further statutory references are to the Penal Code.

1

Fox appealed.  While his appeal was pending, Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill No. 620) took effect, and it granted trial courts new discretion under section 1385 to strike firearm enhancements. Fox argued that under the new law he was entitled to a remand to ask the trial court to strike his firearm enhancement while he retained the other benefits of his plea.  Specifically, he wanted to seek to reduce his 15-year sentence to five years.  We rejected his argument.  (*People v. Fox* (2019) 34 Cal.App.5th 1124, 1127.)  The California Supreme Court granted review and held the case.  (*Fox*, review granted July 31, 2019, S256298.)

In October 2020, the Supreme Court remanded the case to us with directions to reconsider our previous decision in light of *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*).  *Stamps* held that the defendant was entitled to a remand for the trial court to exercise its discretion under similar legislation, Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill No. 1393), which gave trial courts discretion under section 1385 to strike prior-serious-felony enhancements.  (*Stamps*, at pp. 692–693.)  *Stamps* also held, however, that the defendant would not be entitled to retain the other benefits of his plea if the enhancement were stricken.  (*Id.* at p. 707.) Accordingly, we vacated our original decision and remanded the matter to the trial court for Fox to seek relief under Senate Bill No. 620 if he chose. (*People v. Fox* (Nov. 30, 2020, A153133) [nonpub. opn.].)

On remand, Fox unsuccessfully moved for the trial court to exercise its discretion to strike the firearm enhancement.  He now appeals, contending that the court misunderstood the scope of its discretion.  He maintains that under *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), the court not only had the discretion to strike the enhancement, but it also had the discretion, which

2

it allegedly failed to appreciate, to impose a lesser firearm enhancement instead of the 10-year enhancement.

We need not resolve this claim, because Fox is independently entitled to a remand for resentencing under Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill No. 567), an even more recent change in California's sentencing laws.[3] This legislation amended section 1170, subdivision (b) (section 1170(b)) to alter a trial court's discretion to choose the lower, middle, or upper term for a crime with a sentencing triad, such as the robbery charge to which Fox pleaded guilty. (See § 213, subd. (a)(2).)

The Courts of Appeal are split on whether a defendant, like Fox, who received the upper term under a plea agreement for a stipulated sentence is entitled to a remand under Senate Bill No. 567, and the issue is pending before the Supreme Court. (*People v. Todd* (2023) 88 Cal.App.5th 373, 381–382 (*Todd*) [defendant entitled to remand]; *People v. Sallee* (2023) 88 Cal.App.5th 330, 340–341 (*Sallee*) [defendant not entitled to remand]; *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057–1059 (*Mitchell*), review granted Dec. 14, 2022, S277314 [same].) We agree with *Todd* that based on the logic of *Stamps*, a defendant who agreed to serve the upper term under a plea agreement is nonetheless entitled to a remand to ensure section 1170(b)'s requirements are met. (*Todd*, at pp. 380–381.) Therefore, we remand for Fox to seek resentencing under Senate Bill No. 567, at which time he may also raise his *Tirado* claim.

---

[3] At our request, the parties submitted supplemental briefing on this issue.

# I.
## DISCUSSION

At the time Fox was sentenced in 2017, former section 1170(b) provided that when a defendant was sentenced to prison for a crime with a sentencing triad, "the choice of the appropriate term shall rest within the sound discretion of the [trial] court." Effective January 1, 2022, Senate Bill No. 567 amended section 1170 to provide that a court "shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."[4] (§ 1170(b)(1); Stats. 2021, ch. 731, § 1.3.) In turn, subdivision (b)(2) of the statute provides that "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial." (§ 1170(b)(2).) Thus, the legislation "make[s] the middle term the presumptive sentence" unless aggravating circumstances admitted or proved beyond a reasonable doubt justify the upper term.[5] (*People v. Lopez* (2022) 78 Cal.App.5th 459, 464.)

---

[4] The order appealed from was entered in April 2022, meaning Fox could have raised the Senate Bill No. 567 issue below. The Attorney General does not argue forfeiture, however, and we elect to address the merits of whether Fox is entitled to a remand to seek relief under that legislation. (See *People v. Monroe* (2022) 85 Cal.App.5th 393, 400.)

[5] Senate Bill No. 567 also amended section 1170 to provide that "unless the [trial] court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term" if one of a list of factors "was a contributing factor in the commission of the offense." (§ 1170(b)(6); Stats. 2021, ch. 731, § 1.3.) One such factor is that the defendant was under 26 years old at the time of the offense. (§§ 1016.7, subd. (b), 1170(b)(6)(B).) Thus, the legislation

4

The parties agree that Senate Bill No. 567 retroactively applies to Fox's case under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), because the judgment was not final when the legislation took effect.  Senate Bill No. 567 "is an ameliorative change in the law and there is nothing to indicate that the Legislature intended the change to apply only prospectively." (*Todd, supra,* 88 Cal.App.5th at p. 377.)  Therefore, Fox is entitled to retroactive application of amended section 1170(b). (*Todd,* at p. 377; *People v. Flores, supra,* 73 Cal.App.5th at p. 1039.)

The question we must resolve is whether Fox is entitled to any *benefit* from the amendment of section 1170(b).  (See *Stamps, supra,* 9 Cal.5th at p. 700 [*Estrada* rule answers whether, not how, statute applies retroactively]; *Sallee, supra,* 88 Cal.App.5th at p. 335, fn. 3 [framing issue as whether amended law "applies at all in the context of a stipulated plea"].)  This is a question of law that we review de novo. (*Sallee,* at p. 336; *Mitchell, supra,* 83 Cal.App.5th at p. 1057, review granted.)

We begin with *Stamps,* the leading authority on what relief is available under ameliorative sentencing legislation that takes effect after a defendant enters a plea agreement for a stipulated sentence. (*Stamps, supra,* 9 Cal.5th at p. 692.)  Under a plea agreement, the *Stamps* defendant agreed to a nine-year prison sentence, including five years for a prior-serious-felony enhancement under section 667, subdivision (a). (*Stamps,* at pp. 692–693.)  While his appeal was pending, the Legislature passed Senate Bill No. 1393, which amended section 1385 to remove language "that prohibited a trial

---

"establishes a presumption of the lower term if the defendant's youth was 'a contributing factor' in [the] commission of the crime." (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)  Fox was 24 years old when he committed the robbery, and we agree with him that on remand the trial court should also address the effect of his age on the appropriate term.

court from striking a serious felony enhancement in furtherance of justice" under that statute. (*Stamps*, at p. 700; Stats. 2018, ch. 1013, § 2.) Thus, while imposition of a five-year term for a prior-serious-felony enhancement was originally mandatory, Senate Bill No. 1393 gave trial courts the discretion to dismiss such enhancements. (*Stamps*, at p. 707.)

*Stamps* concluded that even though the defendant agreed to serve a specific term for the prior-serious-felony enhancement, he was entitled to a remand for the purpose of seeking relief under Senate Bill No. 1393. (*Stamps*, *supra*, 9 Cal.5th at p. 707.) Initially, the Supreme Court rejected the defendant's contention that "the trial court [could] consider striking the serious felony enhancement while otherwise maintaining the plea agreement intact." (*Id.* at p. 700.) Noting the "long-standing law that a court cannot unilaterally modify an agreed-upon term by striking portions of it under section 1385," *Stamps* discerned nothing in Senate Bill No. 1393's legislative history suggesting an intent to "overturn" that law. (*Stamps*, at pp. 701–704.) Thus, the defendant could not seek to have the enhancement stricken but expect to retain the rest of the plea bargain.

*Stamps* concluded that the defendant could, however, ask the trial court to strike the prior-serious-felony enhancement while accepting that the prosecution might withdraw from the plea bargain if the request were granted. (*Stamps*, *supra*, 9 Cal.5th at pp. 707–708.) Given that plea bargains require judicial approval to be effective and a trial court has " 'near-plenary' " authority to withdraw its prior approval, the trial court could exercise its new discretion under Senate Bill No. 1393 to strike the enhancement. (*Stamps*, at pp. 707–708.) If the court declined to do so, that would "end[] the matter and [the] defendant's sentence [would] stand[]." (*Id.* at p. 707.) But if the court was inclined to do so, the prosecution could either

6

"agree to modify the bargain to reflect the downward departure in the sentence" or withdraw from the plea bargain entirely. (*Ibid.*)  In light of the latter possibility, *Stamps* "emphasize[d] that it [was] ultimately [the] defendant's choice whether . . . to seek relief" under the new legislation. (*Id.* at p. 708.)

In *Todd*, the Sixth District Court of Appeal applied *Stamps* in holding that a defendant who received three upper terms under a plea agreement for a stipulated sentence was entitled to a remand for resentencing under Senate Bill No. 567.  (*Todd, supra*, 88 Cal.App.5th at pp. 376–377, 380–381.)  *Todd* observed that amended section 1170(b) "prohibits the imposition of the upper-term sentence absent specific findings," and thus "the imposition of the aggravated term exceeds the [trial] court's authority unless the statutory prerequisites are met or waived." (*Todd*, at pp. 378–379.)  Although *Stamps* involved legislation that conferred "new discretionary authority" on trial courts, not legislation that circumscribed the authority to impose a particular term, *Todd* "perceive[d] no reason to treat the two circumstances differently." (*Todd*, at p. 380.)  Thus, the Sixth District concluded that on remand, unless the defendant waived the required findings, the trial court had to determine whether aggravated circumstances justified the upper term.  (*Id.* at p. 381.) If so, the sentence would remain in place, but if not, "the only remedy available to the trial court [would be] to withdraw approval for the plea agreement and return the parties to the status quo." (*Id.* at pp. 381–382.)

*Todd* declined to follow *Mitchell*, in which Division Five of this court "held that Senate Bill No. 567's amendments to section 1170[(b)] are not applicable where a defendant received an upper-term sentence based upon a negotiated plea bargain." (*Todd, supra*, 88 Cal.App.5th at pp. 377–378.) *Mitchell* observed that in imposing the stipulated sentence, the trial court

7

there "had no opportunity to exercise any discretion in deciding whether the imposition of the upper, middle, or lower term would best serve 'the interests of justice' under former section 1170[(b)]." (*Mitchell*, *supra*, 83 Cal.App.5th at p. 1058, review granted.) *Mitchell* concluded that since "amended section 1170[(b)(1)] states that . . . the trial court 'shall, in its *sound discretion*, order imposition of a sentence not to exceed the middle term except as otherwise provided in paragraph (2),' " the amended law "was not intended to apply to sentences imposed pursuant to a stipulated plea agreement, as the trial court lacks discretion to select the sentence in the first place." (*Ibid.*)

In *Sallee*, filed the same day as *Todd*, the Fifth District Court of Appeal agreed with *Mitchell* that "the amendments to section 1170 brought about by Senate Bill No. 567 are inapplicable under the plain language of the statute" when a defendant enters a plea in exchange for a stipulated sentence. (*Sallee*, *supra*, 88 Cal.App.5th at p. 338.) In addition to emphasizing that a trial court does not exercise discretion under section 1170(b) when sentencing a defendant to an agreed-upon term, *Sallee* determined that "a contrary holding would create absurd consequences that do not further or promote the general purposes of the statute. A defendant would be permitted to enter a plea and agree to a stipulated upper-term sentence, while nonetheless asserting a statutory right under section 1170[(b)(2)] . . . to a jury trial on aggravating factors supporting the agreed-upon upper term. In practice, this would effectively eliminate the contractual obligations attendant to plea agreements involving stipulated terms of imprisonment." (*Sallee*, at p. 340.)

We conclude that *Todd*'s holding is compelled by *Stamps*, and we decline to follow *Mitchell* and *Sallee*. The latter two decisions did not even mention *Stamps* in concluding that section 1170(b)'s plain language makes

8

that statute inapplicable when a trial court imposes a stipulated sentence. But section 1170(b)—like section 1385 (the statute at issue in *Stamps*)—involves a trial court's "exercising of its discretion" to make a sentencing choice. (§ 1385, subds. (c)(1)–(2).) *Mitchell* and *Sallee*'s reasoning would suggest, in direct conflict with *Stamps*'s holding, that section 1385 is inapplicable to stipulated sentences. As *Stamps* explained, the fact that a defendant agreed to a specific term prevents a trial court from striking a prior-felony-enhancement while imposing the balance of a stipulated sentence, but it does not prevent the court from striking the enhancement and permitting the prosecution to withdraw from the plea agreement. (*Stamps*, *supra*, 9 Cal.5th at pp. 701, 707.) This is because a trial court's "exercise of its new discretion to strike the serious felony enhancement, whether considered a new circumstance in the case or simply a reevaluation of the propriety of the bargain itself, would fall within the court's broad discretion to withdraw its prior approval of the plea agreement." (*Id.* at p. 708.)

By the same reasoning, although a defendant who agreed to a specific term cannot be resentenced to the middle or lower term while retaining the other benefits of the plea bargain, the defendant may still seek relief under Senate Bill No. 567 with the understanding that if the trial court grants relief, the plea bargain is unlikely to survive. The amendment of section 1170(b) to make the middle term the presumptive term unless aggravating circumstances are proven is a significant legal change that could well affect a court's evaluation of a plea bargain's fairness. (See *Stamps*, *supra*, 9 Cal.5th at pp. 708–709.) Indeed, whereas under Senate Bill No. 1393 a sentence is lawful regardless of whether a trial court exercises its discretion to strike an enhancement, under Senate Bill No. 567 an upper-

9

term sentence is not even authorized unless aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt. (See § 1170(b)(2); *Todd*, *supra*, 88 Cal.App.5th at pp. 378–379.)  Thus, the statutory amendment here warrants a remand even more clearly than did the one in *Stamps*.

We are unpersuaded by *Sallee*'s assertion that "absurd consequences" result from applying amended section 1170(b) to defendants who enter plea agreements for specific terms.  (*Sallee*, *supra*, 88 Cal.App.5th at p. 340.)  Section 1170(b)'s requirements are satisfied if a defendant stipulates to aggravating circumstances justifying the upper term.  (§ 1170(b)(2).)  If a defendant agrees to the upper term and also stipulates to a factual basis for the plea, we see no reason why the defendant would "nonetheless [be able to] assert[] a statutory right under section 1170[(b)(2)] to a jury trial on aggravating factors supporting the agreed-upon upper term." (*Sallee*, at p. 340.)  Although defendants may now be less inclined to agree to upper-term sentences, section 1170(b)'s requirements impose no unworkable obstacles to reaching such agreements.

Finally, we reject the Attorney General's argument that a remand is unnecessary because "the parties implicitly have already agreed" to the existence of aggravating circumstances by agreeing to the upper term.  Fox entered the plea agreement years before Senate Bill No. 567 altered the requirements for imposing the upper term, and his agreement to that term cannot be considered an admission that sufficient aggravating circumstances exist.

Accordingly, we conclude that a remand is required to allow Fox "to waive or invoke the requirements of section 1170[(b)]." (*Todd*, *supra*, 88 Cal.App.5th at p. 381.)  If Fox does not waive those requirements, the trial

10

court must determine whether the upper term can be imposed in compliance with section 1170(b).  If it can be so imposed, then the sentence will stand.  But if it cannot, and the prosecution does not acquiesce to a reduced sentence or the trial court no longer approves of the plea agreement with the reduction, the court must "return the parties to the status quo."  (*Todd*, at pp. 381–382.)  We may question the wisdom of Fox's desire to seek relief that is likely to upend the plea agreement, given he has already served several years of his sentence and faces an indeterminate sentence if the dismissed charges are reinstated, but it is ultimately his choice whether to do so.  (*Stamps*, *supra*, 9 Cal.5th at p. 708.)

## II.
## DISPOSITION

The matter is remanded for further proceedings consistent with this opinion.  On remand, Fox may (1) request relief under Senate Bill No. 567 and (2) ask the trial court to exercise its discretion under *Tirado* to impose a lesser firearm enhancement.

_____

Humes, P.J.

WE CONCUR:


_____

Banke, J.


_____

Swope, J.*


     *Judge of the Superior Court of the County of San Mateo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


*People v. Fox*  A165462

12

Trial Court:

      Superior Court of the City and County of San Francisco


Trial Judge:

      Hon. Jeffrey S. Ross


Counsel:

      Jonathan Soglin, Executive Director, Jeremy Price, under appointment by the Court of Appeal, for Defendant and Appellant


      Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, , Seth K. Schalit, Supervising Deputy Attorney General, Catherine A. Rivlin, Supervising Deputy Attorney General, for Plaintiff and Respondent

*People v. Fox*  A165462